UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT LEVINE and VERONICA GUZMAN,<br><br>        Plaintiffs,<br><br>   v.<br><br>THE SLEEP TRAIN, INC.; LIVE NATION ENTERTAINMENT, INC.; COASTAL BREEZE LIMOUSINE, LLC; BGE YUBA, LLC; and DOES 1-20, inclusive,<br><br>        Defendants. | CIV. NO. 2:15-0002 WBS AC<br><br>MEMORANDUM AND ORDER RE: MOTION TO STRIKE |

----oo0oo----

Plaintiff Robert Levine, a disabled person, and his fiancée, plaintiff Veronica Guzman, attended a concert at the Sleep Train Amphitheater on July 25, 2014. (Compl. ¶ 1 (Docket No. 1).) Plaintiffs allege the facility did not provide disabled accessible parking as required by federal and state anti-discrimination laws. (Id. ¶¶ 1-2.)

Plaintiffs brought this action against defendants

1

alleging violations of the Americans with Disabilities Act and several California statutes. Defendant Live Nation timely answered, asserting thirty affirmative defenses. (See Answer (Docket No. 4).) Plaintiffs moved to strike all thirty of those defenses pursuant to Federal Rule of Civil Procedure 12(f).

After this motion was filed, defendant Sleep Train also answered the Complaint raising identical affirmative defenses. (See Docket No. 13.) Pursuant to the parties' stipulation made at the hearing on March 23, 2015, the court will consider both Live Nation and Sleep Train's Answers in ruling on this motion to strike.

Rule 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks, citation, and first alteration omitted), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

Because motions to strike are "often used as delaying tactics," they are "generally disfavored" and are rarely granted in the absence of prejudice to the moving party. Rosales v. Citibank, FSB, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001); see also N.Y.C. Emps.' Ret. Sys. v. Berry, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) ("Where the moving party cannot adequately demonstrate . . . prejudice, courts frequently deny motions to strike even though the offending matter was literally within one

or more of the categories set forth in Rule 12(f)." (citation and internal quotation marks omitted)).  Courts may find prejudice "where superfluous pleadings may confuse the jury, or where a party may be required to engage in burdensome discovery around frivolous matters."  J & J Sports Prods., Inc. v. Luhn, Civ. No. 2:10-3229 JAM CKD, 2011 WL 5040709, at *1 (E.D. Cal. Oct. 24, 2011) (citations omitted).  "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party."  Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

      Defendants' tenth affirmative defense is "unclean hands."  Defendants allege that "plaintiffs' claims are barred under the doctrine of unclean hands because plaintiffs are not a bona fide customer, but a plaintiff who intentionally stages nuisance lawsuits to extort monetary settlements."  (Answer ¶ 10.)  Plaintiffs' motion to strike this defense is well taken.

      "Scandalous matter" within the meaning or Rule 12(f) "includes allegations that cast a cruelly derogatory light on a party or other person."  In re 2TheMart.com, Inc. Secs. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).  The court agrees that the accusation that plaintiffs are engaging in extortion is scandalous.  The court will accordingly strike the words "bona fide" and "but a plaintiff who intentionally stages nuisance lawsuits to extort monetary settlements" from defendants' Answers.  The remaining allegation reads: "Plaintiffs' claims are barred under the doctrine of unclean hands because plaintiffs are not a customer."

3

1          Plaintiffs move to strike all of defendants' remaining
2   defenses on the bases that they are not technically affirmative
3   defenses, are insufficiently plead, and/or are immaterial to the
4   action.  Defendants' defenses do appear to be conclusory and
5   boilerplate.  However, plaintiffs have not convinced the court
6   that they will suffer any real prejudice from those defenses
7   remaining in the Answer.  Neither is this an extraordinary
8   situation where the court should grant a motion to strike in the
9   absence of prejudice to plaintiffs.  See Rosales, 133 F. Supp. 2d
10  at 1180.  There is nevertheless some merit to plaintiffs'
11  argument that defendants should not be permitted to proceed
12  forward with affirmative defenses which they have no reason to
13  believe are supported in law or fact.
14         Accordingly, the court will allow defendants a limited
15  time to investigate whether there is a factual and legal basis
16  for their affirmative defenses before requiring that any of those
17  defenses be stricken from the Answer.
18         IT IS THEREFORE ORDERED
19         (1) that plaintiffs' motion to strike be, and the same
20  hereby is, GRANTED in part, with respect to the following
21  language, which is hereby STRICKEN from defendants' tenth
22  affirmative defense: "bona fide" and "but a plaintiff who
23  intentionally stages nuisance lawsuits to extort monetary
24  settlements;"
25         (2) that plaintiffs' motion to strike be, and the same
26  hereby is, DENIED with respect to the remaining affirmative
27  defenses;
28         (3) that defendants shall have 90 days from the date

4

this Order is signed to complete all necessary discovery in order to determine whether there is any basis for a good faith belief that their affirmative defenses have merit.  The word "complete" means that such discovery shall have been conducted so that all necessary depositions have been taken and interrogatories have been answered, and any disputes relevant to that discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) by the time set forth in this Order;

(4) that within 120 days from the date of this Order, defendants shall file an Amended Answer which eliminates all affirmative defenses which defendants do not have an honest, good faith belief may be supported by specific facts and applicable law; and

(5) that within fourteen days from the filing of defendants' Amended Answer, plaintiffs may file a renewed motion to strike any remaining affirmative defenses.

Dated:  March 24, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5