UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT LEVINE and VERONICA GUZMAN,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE SLEEP TRAIN, INC.; LIVE NATION ENTERTAINMENT, INC.; COASTAL BREEZE LIMOUSINE, LLC; BGE YUBA, LLC, and DOES 1-20, inclusive,<br><br>　　　　　Defendants. | CIV. NO. 2:15-00002 WBS AC<br><br>ORDER RE: MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |

----oo0oo----

Plaintiff Robert Levine, who is disabled, and his fiancée, plaintiff Veronica Guzman, attended a concert at the Sleep Train Amphitheater on July 25, 2014. (Compl. ¶ 1 (Docket No. 1).) Plaintiffs brought this action alleging the facility did not provide disabled accessible parking as required by federal and state anti-discrimination laws. (Id. ¶¶ 1-2.) Defendants answered the Complaint and the court issued a Pretrial

1

1   Scheduling Order on May 6, 2015, which states that further
2   amendments to the pleadings are prohibited "except with leave of
3   court, good cause having been shown under Federal Rule of Civil
4   Procedure 16(b)." (Docket No. 27.)  Plaintiffs now move to modify
5   the court's Scheduling Order so that they may file a First
6   Amended Complaint ("FAC").
7             Generally, a motion to amend is subject to Rule 15(a)
8   of the Federal Rules of Civil Procedure, which provides that
9   "[t]he court should freely give leave [to amend] when justice so
10  requires."  Fed. R. Civ. P. 15(a)(2).  However, "[o]nce the
11  district court ha[s] filed a pretrial scheduling order pursuant
12  to Federal Rule of Civil Procedure 16[,] which establishe[s] a
13  timetable for amending pleadings[,] that rule's standards
14  control[ ]."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
15  607–08 (9th Cir. 1992).  Here, the Scheduling Order controls and
16  plaintiffs must meet the requirements of Rule 16(b).
17            A party seeking leave to amend under Rule 16(b) must
18  demonstrate "good cause."  Fed. R. Civ. P. 16(b).  "Rule 16(b)'s
19  'good cause' standard primarily considers the diligence of the
20  party seeking amendment."  Johnson, 975 F.2d at 609.  "If that
21  party was not diligent, the inquiry should end."  Id.  Although
22  the focus of the inquiry is on the moving party's diligence, "the
23  existence or degree of prejudice to the party opposing the
24  modification might supply additional reasons to deny a motion."
25  Id.
26            Plaintiffs seek to amend the Complaint to ensure that
27  the allegations give defendants fair notice of the barriers that
28  are grounds for their ADA claim, as required by the Ninth

2

1  Circuit.  (Pl.'s Mot. at 2 (Docket No. 34)); see Oliver v. Ralphs
2  Grocery Co., 654 F.3d 903 (9th Cir. 2011).  After gaining access
3  to the site for an inspection, plaintiffs now seek to amend ¶ 17
4  of the Complaint so that it alleges barriers to disabled access
5  with greater specificity.  (See McGuinness Decl. Ex. A ("Proposed
6  FAC") ¶ 17 (Docket No. 35-1).)  Defendants have not indicated how
7  the amendment of a single paragraph of the Complaint will
8  prejudice defendants.  In fact, it would appear that plaintiffs'
9  proposed amendment may actually benefit defendants by providing
10 them with better notice regarding the alleged barriers.

11             Turning to plaintiffs' diligence, plaintiffs conducted
12 the site inspection on May 11, 2015, six days after the court
13 issued its Scheduling Order.  (Pl.'s Mot. at 2.)  On June 8,
14 plaintiffs received their access consultant's preliminary draft
15 findings, which included measurements relevant to establishing
16 barriers.  (Pl.'s Reply at 3 (Docket No. 39).)  Plaintiffs
17 represent that it was not until the inspection and receipt of the
18 findings that they learned of several key facts relating to the
19 access barriers at the site.  (Id.)  Their proposed amendment to
20 ¶ 17 of the Complaint incorporates those new facts.

21             Plaintiffs asked defendants twice to stipulate to their
22 filing of the FAC on July 13 and 14, before defendants answered
23 the Complaint.  (McGuinness Decl. Ex. A.)  Defendants never
24 replied and filed an Answer.  (Id. Ex. B.)  Plaintiffs then filed
25 the present motion for leave to amend on July 23, 2015.

26             Approximately five weeks elapsed between the receipt of
27 the consultant's draft findings and the request for a stipulation
28 from defendants.  Considering that time frame, the court is

1  satisfied that plaintiffs were reasonably diligent in alerting
2  defendants of their intentions and proceeding with a formal
3  motion.
4          If good cause is found, the court must then evaluate
5  the request to amend the Complaint in light of Rule 15(a)'s
6  liberal standard.  Id. at 608.  Under Rule 15(a), "leave to amend
7  should be granted unless amendment would cause prejudice to the
8  opposing party, is sought in bad faith, is futile, or creates
9  undue delay."  Johnson, 975 F.2d at 607.  None of those
10 circumstances are present here.
11         IT IS THEREFORE ORDERED that plaintiffs' motion to
12 modify the scheduling order and for leave to file an amended
13 complaint be, and the same hereby is, GRANTED.
14         Plaintiffs shall have twenty days from the date this
15 Order is signed to file an amended complaint consistent with this
16 Order.
17 Dated:  August 20, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4