UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEVINE, et al., | No. 2:15-cv-00002-WBS-AC |
| Plaintiffs, | |
| v. | FINDINGS & RECOMMENDATIONS |
| SLEEP TRAIN, INC., et al., | |
| Defendants. | |

On October 7, 2015, the court held a hearing on plaintiffs' motion for default judgment against defendant Costal Breeze Limousine, LLC ("Coastal Breeze"). Celia McGuinness appeared on behalf of plaintiffs Robert Levine and Veronica Guzman. Coastal Breeze failed to appear. On review of the motions, the documents filed in support and opposition, upon hearing the arguments of plaintiffs and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

PROCEDURAL HISTORY

Plaintiffs filed their original complaint on December 31, 2014. ECF No. 1. Defendant Live Nation Entertainment, Inc. ("Live Nation") filed its original answer on February 2, 2015. ECF No. 4. On February 13, 2015, plaintiffs filed proofs of service for all defendants. ECF Nos. 7–10. According to Coastal Breeze's proof of service, it was served by substitute service pursuant to California Civil Procedure Code § 415.20(a) at 4878 Pasadena Ave., Sacramento, CA

1

1  95841.[1]  ECF No. 9.  On March 2, 2015, Sleep Train, Inc. ("Sleep Train") filed its original

2  answer.  ECF No. 13.  On March 20, 2015, plaintiffs filed a request for entry of default against

3  Coastal Breeze, pursuant to Rule 55(a), Fed. R. Civ. P.  ECF Nos. 19, 20.  On March 23, 2015,

4  the Clerk entered the default.  ECF No. 22.  On May 13, 2015, plaintiffs filed proof of service of

5  their request for entry of default and the clerk's entry of default upon Coastal Breeze.  ECF No.

6  28.  According to plaintiffs' proof of service, the process server served Coastal Breeze in person

7  at its mailing address on May 7, 2015, at 4:15 p.m. by leaving copies of the request for entry of

8  default and the clerk's entry of default with an unnamed staff supervisor.  Id.  The process server

9  also mailed copies of the summons and complaint to the same address on the same day.  Id.

10      On July 23, 2015, plaintiffs filed a motion for leave to amend their complaint.  ECF Nos.

11  34, 35.  On August 20, 2015, the court granted plaintiffs' motion, giving them twenty (20) days to

12  file an amended complaint.  ECF No. 41.  On August 25, 2015, plaintiffs filed the operative first

13  amended complaint.  ECF No. 42.  On September 4, 2015, plaintiffs filed a motion for default

14  judgment against Coastal Breeze, along with declarations from both plaintiffs in support.  ECF

---

[1] Section 415.20(a) states the following:

> (a) In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first- class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Plaintiffs state that the process server left the summons and complaint with Anolrey Svomilov, the person in charge, at 4:10 p.m. on January 26, 2015.  ECF No. 9.  Two days later, the process server mailed the documents to the aforementioned address.  Id.  Accordingly, plaintiffs properly served Coastal Breeze pursuant to California law and the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 4(h)(1)(A), (e)(1).

2

1  Nos. 43–45.  On September 8, 2015, Live Nation and Sleep Train both filed answers to plaintiffs'
2  amended complaint.  ECF Nos. 49, 50.

## UNDERLYING FACTS

Because default has been entered against Coastal Breeze, plaintiffs' factual allegations are taken as true in disposing of their motion for default judgment.  See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1235 (E.D. Cal. 2008).

Plaintiffs allege that on July 25, 2014, they drove to the Sleep Train Amphitheatre ("Amphitheatre") in Levine's car to attend a concert.  ECF No. 42 at 7.  Levine is disabled, and his car has a disability placard.  Id.  The Amphitheatre had 77 parking spaces designated for people with disabilities, but they were all full.  Id.  Plaintiffs claim that this number is insufficient for a venue of the Amphitheatre's size.  Id.

Because there were no more designated disabled parking spaces available, the Amphitheatre's parking agents directed plaintiffs to an area normally reserved for limousine parking.  Id. at 7–8.  In plaintiffs' motion for default judgment, they claim that after parking a number of limousine drivers accosted them and demanded they move their car.  ECF No. 43 at 3.  This fact is not alleged in plaintiffs' amended complaint and accordingly, the court will not consider it in determining whether plaintiffs have stated a claim.  After attending the concert and returning to their car, plaintiffs noticed that it was gone.  ECF No. 42 at 8.  According to limousine drivers in the area at the time, the car had been towed at the request of drivers for Coastal Breeze.  Id.  Plaintiffs, in their motion for default judgment, also claim that employees for Coastal Breeze laughed at them when they returned to retrieve their car.  ECF No. 43 at 3.  Again, this fact is not alleged in their amended complaint.  Plaintiffs allege that in order to find their car they had to engage in a search that took hours, resulting in discomfort and embarrassment.  ECF No. 42 at 8.

## LEGAL STANDARDS

It is within the sound discretion of the district court to grant or deny an application for default judgment.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this

determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. Tele Video Systems, Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

## DISCUSSION

The court will recommend that plaintiffs' motion for default judgment be denied because plaintiffs do not allege facts sufficient to state a claim for violation of the Unruh Civil Rights Act or the Americans with Disabilities Act (ADA) against Coastal Breeze.

Given the close relationship between the merits of plaintiffs' substantive claims and the sufficiency of the complaint, the second and third Eitel factors can be discussed jointly. Effectively, factors two and three amount to a requirement that the allegations in the complaint be sufficient to state a claim that supports the relief sought. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); PepsiCo, Inc., 238 F. Supp. 2d at 1175.

Plaintiffs claim in their motion for default judgment that they have sufficiently alleged a violation of California's Unruh Civil Rights Act, Cal. Civ. Code § 51(f). ECF No. 43 at 2–3. As counsel for plaintiffs noted at the hearing, plaintiffs' Unruh claims are based on an alleged violation of the ADA. See § 51(f) ("A violation of the right of any individual under the federal

4

Americans with Disabilities Act of 1990 (P.L. 101-3361) shall also constitute a violation of this section."). Plaintiff's theory of liability as to Coastal Breeze is not clear from the complaint, however. Indeed, plaintiffs do not differentiate between defendants when discussing their claims in their amended complaint.

The most glaring defect in plaintiffs' complaint, for present purposes, is that Coastal Breeze is not the public accommodation to which plaintiffs are alleging they were denied access. Plaintiffs' ADA claim arises under Title III, which provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a); PGA Tour, Inc. v. Martin, 532 U.S. 661, 675–676 (2001) ("To effectuate its sweeping purpose, the ADA forbids discrimination against disabled individuals in major areas of public life, among them . . . public accommodations (Title III)"). Plaintiffs allege that they were denied the full and equal enjoyment of the Amphitheatre because there were an insufficient number of disabled parking spaces. ECF No. 42 at 14–17. These allegations could, conceivably, form the basis of a cognizable claim against Sleep Train and/or Live Nation as the owners of the Amphitheatre. However, these allegations cannot form the basis of a claim against Coastal Breeze because plaintiffs do not allege they were denied full and equal access to Coastal Breeze's limousine service. See ECF No. 42 at 14–17. Although plaintiffs seem to be arguing that Coastal Breeze is liable because it *caused* the ADA violation that ultimately took place, they cite no authority that would support this kind of liability.

To the extent that plaintiffs are attempting to assert a separate claim for violation of the Unruh Civil Rights Act against Coastal Breeze based on intentional discrimination, that claim also fails. See Earll v. eBay, Inc., Case No. 5:11-cv-00262-JF (HRL), 2011 U.S. Dist. LEXIS 100360, at *7 (N.D. Cal. Sept. 6, 2011) ("A violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads 'intentional discrimination in public accommodations in violation of the terms of the Act.'" (quoting Munson v. Del Taco, Inc., 46 Cal. 4th 661, 668 (2009)). Plaintiffs never explicitly frame defendant's actions as constituting

5

intentional discrimination, nor do they cite to any controlling case law. Accordingly, it is unclear whether such a claim is even being asserted. To the extent that plaintiffs are asserting an Unruh claim against Coastal Breeze based on intentional discrimination, their claim fails because plaintiffs do not allege any facts showing their car was towed *because* Levine is disabled. The facts far more plausibly suggest that Levine's car was towed because Coastal Breeze drivers believed they were entitled to the space regardless of who was parked there.

Plaintiffs also fail to establish that Guzman has standing because of her association with Levine. To state a claim for violation of the ADA under Title III, a plaintiff must generally establish that he or she is disabled and "was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Plaintiffs argue that Guzman has standing to assert claims against defendants in light of 28 C.F.R. § 35.130(g), which states that "[a] public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." ECF No. 1 at 4. Section 35.130(g) does not, however, affect whether Guzman has stated a claim for violation of the ADA. In fact, § 35.130(g) does not even apply to private entities. 28 C.F.R. § 35.101 ("The purpose of this part is to effectuate subtitle A of title II of the Americans with Disabilities Act of 1990 (42 U.S.C. 12131), which prohibits discrimination on the basis of disability by public entities."); § 35.130(g). Accordingly, the court finds that Guzman has not stated a claim against Coastal Breeze because plaintiffs have not shown she is disabled or that she was denied services because of her disability.

For the foregoing reasons, plaintiffs have not alleged facts sufficient to state a claim for violation of Unruh Civil Rights Act or the ADA against Coastal Breeze and the court will recommend that their motion for default judgment be denied. In light of the fact that the second and third Eitel factors require the denial of plaintiff's motion, the court declines to discuss the remaining Eitel factors.

////

////

CONCLUSION

In accordance with the foregoing, THE COURT HEREBY RECOMMENDS that plaintiffs' motion for default judgment, ECF No. 43, be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 14, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE