UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT LEVINE and VERONICA GUZMAN,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE SLEEP TRAIN, INC.; LIVE NATION ENTERTAINMENT, INC.; COASTAL BREEZE LIMOUSINE, LLC; BGE YUBA, LLC; and DOES 1-20, inclusive,<br><br>　　　　Defendants. | CIV. NO. 2:15-00002 WBS AC<br><br>MEMORANDUM AND ORDER RE: MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

----oo0oo----

Plaintiff Robert Levine, who is disabled, and his fiancée, plaintiff Veronica Guzman, brought this action under the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and California's Unruh Civil Rights Act ("UCRA"), Cal. Civ. Code §§ 51-53. On May 5, 2015, the court issued a Status (Pretrial Scheduling) Order that prohibited further amendments to the pleadings "except with leave of court, good cause having been

1

1    shown under Federal Rule of Civil Procedure 16(b)."  (Docket No.
2    27.)  On August 20, 2015, the court granted plaintiffs leave to
3    file a First Amended Complaint ("FAC").  (Docket No. 41.)
4    Plaintiffs now seek leave to file a Second Amended Complaint
5    ("SAC").  (Docket No. 55.)
6             Plaintiffs' proposed SAC differs from their FAC in
7    several respects.  In the first cause of action for denial of
8    full and equal access to public facilities in a public
9    accommodation under California Health and Safety Code section
10   19955, plaintiffs allege in greater detail the involvement of
11   defendant Coastal Breeze Limousine, LLC ("Coastal Breeze") and
12   the difficulties plaintiffs faced in recovering their towed car.
13   (See Docket No. 55-2 ¶¶ 17, 21-25.)  More importantly, plaintiffs
14   identify a number of new interior barriers that were not
15   previously alleged in the original Complaint or FAC.  (Id. ¶¶ 20,
16   27.)  For example, the proposed SAC alleges for the first time
17   that within the amphitheater "the slope up to the lawn was too
18   steep" to manage and had no accessible seating; the accessible
19   route of travel through public areas within the amphitheater
20   contained slope areas exceeding 2.0% and grates with openings
21   greater than one-half inch wide; the semi-ambulatory toilet
22   stall, toilet, and toilet paper dispenser were not in compliance;
23   and the slope of the ramps between levels of the amphitheater
24   exceeded 8.33% slope and 2.0% cross-slope, had non-compliant
25   handrails, and landings more than thirty feet apart.  (Id.)
26            The proposed SAC also restricts the third cause of
27   action for violation of Title III of the ADA to defendant Live
28   Nation Entertainment, Inc. and adds two separate causes of action

for violations of Title III and Title IV of the ADA against defendant Coastal Breeze.[1]  (Id. ¶¶ 43-60.)

Generally, a motion to amend is subject to Federal Rule of Civil Procedure 15(a), which provides that the "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[ ]."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  Here, the Scheduling Order controls and plaintiffs must meet the requirements of Rule 16(b).

A party seeking leave to amend under Rule 16(b) must demonstrate "good cause."  Fed. R. Civ. P. 16(b).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment."  Johnson, 975 F.2d at 609.  "If that party was not diligent, the inquiry should end."  Id.  Although the focus of the inquiry is on the moving party's diligence, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion."  Id.

Although defendants Live Nation Entertainment, Inc. and The Sleep Train, Inc. argue plaintiffs were careless in not alleging interior barriers earlier, plaintiffs contend they were

---

[1] According to plaintiffs' motion, plaintiffs and defendant Live Nation Entertainment, Inc. agreed to stipulate to the dismissal without prejudice of defendant The Sleep Train, Inc. but defendant has not yet filed the stipulation.  (Pls.' Mot. at 3.)

3

unable to confirm the interior barriers until reviewing the 1,124 pages of the building records they received from the Yuba County Building Department. (Pls.' Mot. at 3; see Defs.' Opp'n at 6 (Docket No. 56).) These records were given to plaintiffs pursuant to subpoena on July 8, 2015 but the County allegedly failed to certify that the records were complete until August 20, 2015--after the Scheduling Order had been issued and plaintiffs had already filed their motion for leave to file the FAC. (Id.) Given that plaintiffs discovered new information regarding interior barriers from the County records and that they have an obligation to identify all underlying barriers in their complaint, the court finds that plaintiffs have sufficiently demonstrated "good cause" for modifying the Scheduling Order. See Oliver v. Ralphs Grocery Co., 654 F.3d 903, 908-09 (9th Cir. 2011) ("[A] plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself.").

With respect to the two new causes of action against Coastal Breeze, plaintiffs diligently sought to amend their FAC as soon as the court denied plaintiffs' motion for default judgment against Coastal Breeze due to plaintiffs' failure to sufficiently allege a violation of the ADA or UCRA by Coastal Breeze. (Pls.' Mot. at 4; see Docket No. 54.) Within two days of the Order, plaintiffs asked defendants to stipulate to their filing of the SAC. Within nine days, plaintiffs filed this motion. (Id.) Given this timeframe, the court is satisfied the plaintiffs were reasonably diligent in alerting Coastal Breeze of their intentions and proceeding with a formal motion.

If good cause is found, the court must then evaluate the request to amend the complaint in light of Rule 15(a)'s liberal standard. Johnson, 975 F.2d at 608. Under Rule 15(a), "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Id. at 607.

Defendants argue they would be prejudiced by expanding the scope of the case to include interior barriers--issues about which no discovery has been performed and no investigation conducted. (Defs.' Opp'n at 2, 4.) Defendant Coastal Breeze will not be prejudiced by the amendments given that it is in default and has yet to answer plaintiffs' original Complaint or FAC. (See Docket No. 22.) In order to avoid undue prejudice to the other defendants by broadening the scope of potential discovery, the court will extend the discovery cutoff date and corresponding dates for expert disclosure as well as the deadline for dispositive motions.

IT IS THEREFORE ORDERED that plaintiffs' motion for leave to file a Second Amended Complaint be, and the same hereby is, GRANTED.

Plaintiffs shall have three days from the date this Order is signed to file the proposed SAC. The Scheduling Order is modified as follows:

(1) Discovery shall be completed by March 15, 2016.

(2) The parties have until April 15, 2016 to disclose experts and produce expert reports.

(3) All motions, except motions for continuances, temporary restraining orders, or other emergency applications,

shall be filed on or before June 15, 2016.

Dated:  January 12, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE