UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT LEVINE and VERONICA GUZMAN,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE SLEEP TRAIN, INC.; LIVE NATION ENTERTAINMENT, INC.; COASTAL BREEZE LIMOUSINE, LLC; BGE YUBA, LLC; and DOES 1-20, inclusive,<br><br>    Defendants. | CIV. NO. 2:15-00002 WBS AC<br><br><u>MEMORANDUM AND ORDER RE: MOTION FOR ATTORNEY'S FEES AND COSTS</u> |

----oo0oo----

    Plaintiff Robert Levine, who is disabled, and his fiancée, plaintiff Veronica Guzman, brought this action under the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 <u>et seq.</u>, and California's Unruh Civil Rights Act ("UCRA"), Cal. Civ. Code §§ 51-53, based on barriers encountered at the Sleep Train Amphitheatre. Defendant Coastal Breeze Limousine, LLC ("Coastal Breeze") allegedly instigated the towing of plaintiffs'

1

car from designated disabled parking at the concert venue. Coastal Breeze failed to make an appearance in this case and, on June 21, 2016, this court adopted the magistrate judge's findings and recommendations awarding plaintiffs default judgment against Coastal Breeze, enjoining Coastal Breeze from interfering with plaintiffs' right to use the overflow parking lot, and awarding Levine $4,000 in statutory damages and Guzman $1,000 in statutory damages. (Docket No. 90.) Presently before the court is plaintiffs' motion for attorney's fees and costs. (Docket No. 96.)

Coastal Breeze was not served with plaintiffs' motion for attorney's fees because under Local Rule 135(d) "no service need be made upon parties held in default for failure to appear unless the document involved asserts new or additional claims for relief against such defaulting parties." E.D. Cal. L.R. 135(d); see also Fed. R. Civ. P. 5 ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."). This request for attorney's fees is not a new or additional claim for relief because plaintiffs requested reasonable attorney's fees in their Complaint, (See Compl. ¶¶ 2, 21, 25, 32 (Docket No. 1)), which was properly served on Coastal Breeze, (Docket Nos. 2, 9). See Annunciation v. W. Capital Fin. Servs. Corp., 97 F.3d 1458 (9th Cir. 1996) (affirming the district court's decision to enter default judgment against defendant and award attorney's fees where defendant was served with a summons and copy of the complaint, which requested "reasonable attorney's fees").

2

1  Coastal Breeze therefore did not file an opposition or statement
2  of non-opposition.  The hearing date of August 22, 2017 is
3  vacated and the court takes plaintiffs' motion under submission
4  without oral argument.
5       "The ADA authorizes a court to award attorneys' fees,
6  litigation expenses, and costs to a prevailing party." Lovell v.
7  Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002); see also 42 U.S.C.
8  § 12205.  The court may also award attorney's fees to the
9  prevailing party under UCRA.  Cal. Civ. Code §§ 52(a), 55.  A
10 plaintiff prevails "when actual relief on the merits of his claim
11 materially alters the legal relationship between the parties by
12 modifying the defendant's behavior in a way that directly
13 benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12
14 (1992).  A "'material alteration of the legal relationship occurs
15 [when] the plaintiff becomes entitled to enforce a judgment,
16 consent decree, or settlement against the defendant.'" Fischer
17 v. SJB-P.D. Inc., 214 F.3d 1115, 1118 (9th Cir. 2000) (quoting
18 Farrar, 506 U.S. at 113).
19      Here, plaintiffs are the prevailing party as the court
20 entered default judgment against Coastal Breeze, enjoined Coastal
21 Breeze from future interference, and ordered Coastal Breeze to
22 pay statutory damages.  The legal relationship between the two
23 parties was altered because "the plaintiff[s] can force the
24 defendant to do something [it] otherwise would not have to do."
25 Id.
26      The court calculates a reasonable amount of attorney's
27 fees by following a two-step process.  First, the court
28 determines the lodestar calculation--"the number of hours

3

reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Second, the court may adjust the lodestar figure "pursuant to a variety of factors." Gonzalez v. City of Maywood, 729 F.3d 1196, 1209 (9th Cir. 2013); see also Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (enumerating factors on which courts may rely in adjusting the lodestar figure).  There is a strong presumption, however, that the lodestar amount is reasonable.  Fischer, 214 F.3d at 1119 n.4.

In determining the size of an appropriate fee award, the Supreme Court has emphasized that courts need not "achieve auditing perfection" or "become green-eyeshade accountants." Fox v. Vice, 563 U.S. 826, 838 (2011).  Rather, because the "essential goal of shifting fees . . . is to do rough justice," the court may "use estimates" or "take into account [its] overall sense of a suit" to determine a reasonable attorney's fee.  Id.

    A. Lodestar Calculation

        1. Hours Reasonably Expended

Plaintiffs seek $13,275 in fees for a total of 23.10 attorney hours and 25.60 paralegal hours of work on tasks related to Coastal Breeze and the present motion.  (Pls.' Mot. for Att'y's Fees ("Pls.' Mot.") at 1, 9 (Docket No. 96).)  Attorney Celia McGuinness and paralegals Aaron Clefton and Emily O'Donohoe each submitted declarations and billing records itemizing the time spent on matters related to Coastal Breeze in this case. (McGuinness Decl. Ex. 1 (Docket No. 97); Clefton Decl. Ex. 3 (Docket No. 98); O'Donohoe Decl. Ex. 3. (Docket No. 99).)  The billing records show McGuinness billed 23.10 hours, Clefton 6.70

hours, and O'Donohoe 18.90 hours.  (Id.)  The court finds that the hours expended are reasonable.

### 2. Reasonable Hourly Rate

The court must multiply the reasonable hours expended in this litigation by a reasonable hourly rate to calculate the lodestar amount.  To determine the reasonableness of the hourly rates claimed, the court looks to "the prevailing market rates in the relevant community," Blum v. Stenson, 465 U.S. 866, 895 (1984), "for similar work performed by attorneys of comparable skill, experience, and reputation," Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986).  In general, "the relevant community is the forum in which the district court sits."  Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997).  The burden is on the party seeking fees "to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Blum, 465 U.S. at 895 n.11.

Plaintiffs seek hourly rates of $400 for attorney McGuinness, $165 for senior paralegal Clefton, and $155 for paralegal O'Donohoe.  (Pls.' Mot. at 7-8.)  McGuinness is the lead associate attorney at the Law Offices of Paul L. Rein and has been a trial lawyer for twenty-five years.  (McGuinness Decl. ¶¶ 1, 3.)  She has practiced disability rights law exclusively for the past eight years and has tried more than twenty-five cases in federal and state court.  (Id. ¶¶ 3, 6.)  Senior paralegal Clefton has eleven years of experience in paralegal work for cases involving plaintiffs with disabilities and is

5

currently a third-year law student at John F. Kennedy University College of Law. (Clefton Decl. ¶¶ 2, 4.) Paralegal O'Donohoe graduated from law school in 2008 and has been a paralegal at the Law Offices of Paul L. Rein since March 2014. (O'Donohoe Decl. ¶¶ 2-3.)

In several recent cases this court has found hourly rates of $300 for partners, between $175 and $260 for senior associates with significant experience, and $150 for junior associates to be reasonable for disability access cases in the Sacramento legal community. See, e.g., Johnson v. Wayside Prop., Inc., Civ. No. 2:13-1610 WBS AC, 2014 WL 6634324, at *8 (E.D. Cal. Nov. 21, 2014), appeal voluntarily dismissed, No. 14-17479 (9th Cir. Apr. 27, 2015); Johnson v. Allied Trailer Supply, Civ. No. 2:13-1544 WBS EFB, 2014 WL 1334006, at *6 (E.D. Cal. Apr. 3, 2014); Johnson v. Gross, Civ. No. 2:14-02242 WBS KJN, 2016 WL 3448247, at *2-3 (E.D. Cal. June 23, 2016). For the reasons discussed in more detail in the orders in those cases, the court finds that an hourly rate of $260 is appropriate for lead associate McGuinness, based on her twenty-five years as an attorney and eight practicing disability rights law.

With regard to paralegals, this court has previously found hourly rates of $75 to be reasonable in this market. See, e.g., Deocampo v. Potts, Civ. No. 2:06-1283 WBS CMK, 2014 WL 788429, at *9 (E.D. Cal. Feb. 25, 2014) ("[C]ourts in this district have generally found that $75 is an appropriate hourly rate for paralegals."); Joe Hand Promotions, Inc. v. Albright, Civ. No. 2:11-2260 WBS CMK, 2013 WL 4094403, at *3 (E.D. Cal. Aug. 13, 2013) (finding the paralegal hourly rate of $75 to be

reasonable, rather than the requested rate of $150, in a case for unauthorized public exhibition of a televised sporting event); McCarthy v. Reynolds, Civ. No. 2:09-2495 WBS DAD, 2011 WL 4344147, at *1 (E.D. Cal. Sept. 14, 2011) (finding the law clerk's hourly rate of $75 to be reasonable in a Title VII sexual harassment and retaliation case); Lowe v. Unum Life Ins. Co. of Am., Civ. No. S-05-00368 WBS GGH, 2007 WL 4374020, at *6-7 (E.D. Cal. Dec. 14, 2007) (awarding the paralegal $75 per hour for work in an ERISA case).  The court will therefore apply an hourly rate of $75 for the time expended by paralegals Clefton and O'Donohoe in this case.

Accordingly the lodestar in this case is $7,926, calculated as follows:

| | | | | | |
|---|---|---|---|---|---|
| McGuinness: | 23.1 | x | $260 | = | $6,006.00 |
| Clefton: | 6.7 | x | $75 | = | $502.50 |
| O'Donohoe: | 18.9 | X | $75 | = | $1,417.50 |
| | | | | | $7,926.00 |

Because plaintiffs do not seek a multiplier or reduction to the lodestar and there is a "strong presumption that the lodestar amount is reasonable," Fischer, 214 F.3d at 1119 n.4, the court finds that no further adjustment to the lodestar is warranted.

B.  Costs

Under the ADA, a court may award litigation expenses and costs.  Lovell, 303 F.3d at 1058; 42 U.S.C. § 12205. Plaintiffs seek $267.66 in litigation costs and expenses attributable to obtaining a default judgment against Coastal Breeze.  (Pls.' Mot. at 10.)  This includes service costs of

7

$248.50 and shipping costs of $19.16, as verified by the submitted copies of the original receipts.  (McGuinness Decl. Ex. 2.)  Based on these records, the court will award plaintiffs $267.66 in expenses and costs.

   IT IS THEREFORE ORDERED that plaintiffs' motion for attorney's fees (Docket No. 96) be, and the same hereby is, GRANTED in part.  Coastal Breeze is directed to pay plaintiffs $7,926 in attorney's fees and $267.66 in costs.

Dated:  August 16, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE